IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v. No. 2:23-cr-00915-MIS-1

JESUS CORONADO,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION**

    Before the Court is Defendant Jesus Coronado's Motion to Dismiss for Speedy Trial Violation, filed on July 30, 2023. ECF No. 81. The Government filed a Response on August 14, 2023, ECF No. 96, to which Defendant did not reply. After considering the parties' submissions and the relevant law, the Court will **DENY** the Motion.

### I.    BACKGROUND

    Defendant faces two counts related to his being a felon in possession of a firearm: a violation of 18 U.S.C. § 922(g)(1) and a violation of § 924 under the same Title. ECF No. 99. The following facts are those relevant for the disposition of Defendant's instant Motion:

    On February 8, 2022, a Special Agent for the Federal Bureau of Investigation filed a criminal Complaint against Defendant. ECF No. 1. Law enforcement arrested Defendant on February 9, 2022, and transferred him into federal custody on February 10, 2022. *See* ECF No. 3. On February 17, 2022, the Government filed an unopposed Motion for a psychological exam to determine Defendant's competence, ECF No. 17, which the Court granted the next day, ECF No. 20. Dr. Janette E. Castillo, Ph.D., performed a psychological assessment on March 7, 2022, and issued a psychological report as to Defendant's competence on April 28, 2022. ECF No. 28.

On May 4, 2022, the Government filed an unopposed Motion to find Defendant incompetent and to commit Defendant to the custody of the Attorney General for competency treatment and evaluation. ECF No. 29. The Court granted that Motion in an Order issued on May 6, 2022. ECF No. 30. That Order committed Defendant for a period "not to exceed four (4) months[,]" in keeping with the limitations established by 18 U.S.C. § 4241, the statute governing commitment for competence treatment and evaluation. *Id.* at 2.

On September 14, 2022, while still waiting to be transported to a Bureau of Prisons facility for treatment and re-evaluation, Defendant filed a Motion for Release on the grounds that four months and eight days had elapsed since the Court issued its Order committing him. *See* ECF No. 43 at 1. United States Magistrate Judge Kevin R. Sweazea denied that Motion, holding that § 4241's commitment-period limitation begins "on the date of hospitalization itself[.]" ECF No. 54 at 2.

Defendant then appealed the denial of his Motion for Release to this Court. ECF No. 55. The Court affirmed Judge Sweazea's Order, because the plain language of § 4241 makes clear that the four-month clock begins to run at the time of commitment, rather than at the time a commitment order is issued. ECF No. 57 at 6-7; *see also* 18 U.S.C. § 4241(d) ("The Attorney General shall hospitalize the defendant for treatment . . . [for] a reasonable period of time, not to exceed four months"). The Court also noted several factors contributing to the reasonableness of the delay in Defendant's commitment, to include long wait times for facilities equipped to receive defendants committed under § 4241; the fact that "Defendant was promptly placed on the wait list" for such a facility after the Court's issuance of a commitment order; and the ongoing COVID-19 pandemic. *Id.* at 6-8.

On January 25, 2023, Defendant began the treatment and evaluation process at the Federal Medical Center in Butner, North Carolina. ECF No. 81 at 2. On May 31, 2023, Dr. Briana Grover, Psy.D., issued a report finding Defendant competent to stand trial. ECF No. 64. On June 21, 2023, a Grand Jury sitting in the District of New Mexico returned an indictment charging Defendant with violating 18 U.S.C. §§ 922(g)(1) and 924. ECF No. 67. On June 22, 2023, Magistrate Judge Sweazea held a competency hearing, where the parties stipulated to a competency finding. ECF No. 69. The same day, Judge Sweazea issued an Order finding Defendant competent. ECF No. 70.

Defendant now moves to dismiss the case against him on the grounds that the delay between the Court's Order committing Defendant and his actual commitment (a period of 264 days) violated his right to a speedy trial. ECF No. 81. The Government counters that the time between the issuance of that Order and Defendant's eventual commitment should be considered excluded from the speedy-trial calculation.

## II.   DISCUSSION

Defendant argues that he is entitled to relief under the Speedy Trial Act, which gives effect to the Sixth Amendment's guarantee of a speedy trial. ECF No. 81 at 2; 18 U.S.C. § 3161. Defendant specifically invokes § 3161(b), which provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days" of an arrest or summons. 18 U.S.C. § 3161(b). The Government counters that the period contested by Defendant is excluded for the purposes of the speedy-trial analysis, and that "only seven non-excludable days" elapsed between the time of Defendant's arrest and indictment. ECF No. 96 at 5. The Government is correct.

At issue is the tension between three separate provisions of the Speedy Trial Act. Section 3161(h)(1)(F) of the Act establishes that any time over ten days spent transporting a

defendant "to and from places of examination of hospitalization" is presumed unreasonable. 18 U.S.C. § 3161(h)(1)(F). That provision, however, stands in contrast to § 3161(h)(1)(A), which excludes any period of delay resulting from competency proceedings or examinations for speedy-trial calculation purposes, and § 3161(h)(4), which excludes "[a]ny period of delay" resulting from a defendant's actual incompetence. 18 U.S.C. §§ 3161(h)(1)(A), (h)(4).

Defendant does not contest that the period between February 17, 2022 (when the Government filed its unopposed Motion for a Psychiatric Exam, ECF No. 17, was filed) and May 6, 2022 (when the Court issued its Order committing Defendant, ECF No. 30) is time excluded under § 3161(h)(1)(A) as a delay arising from competency proceedings. Defendant argues, however, that the time between the Court's May 6, 2022, Order and Defendant's actual commitment on January 25, 2023, is presumptively unreasonable under § 3161(h)(1)(F).

While conceding that the Tenth Circuit has no case directly on point, Defendant turns to instances in which the First, Third, and Sixth Circuits found in favor of defendants alleging violations of § 3161(h)(1)(F). ECF No. 81 at 3-4 (citing *United States v. Williams*, 917 F.3d 195, 204 (3d Cir. 2019); *United States v. Tinklenberg*, 579 F.3d 589, 600 (6th Cir. 2009); and *United States v. Noone*, 913 F.2d 20, 26-28 (1st Cir. 1990) (highlighting the Government's failure to rebut the presumption of unreasonable delay in transporting a criminal defendant, while nevertheless denying relief on other grounds)). Without elaborating, Defendant looks to those cases in support of the proposition that "a delay in transporting a defendant to a mental competency evaluation beyond ten day [sic] is presumptively unreasonable." ECF No. 81 at 4.

Those cases, however, are inapposite. First, both the Third and Sixth Circuits have held that any delay resulting from competency proceedings is only presumptively unreasonable "in the absence of rebutting evidence to explain the additional delay[.]" *Williams*, 917 F.3d at 201 (quoting

4

*Tinklenburg*, 579 F.3d at 596). In *Noone*, the First Circuit similarly relied on the Government's failure to explain the transportation delay at issue. 913 F.2d at 25-26. Here, as noted by the Court in affirming the denial of Defendant's Motion for Release, a bevy of evidence demonstrates the reasonableness of the delay between the Court's commitment order and Defendant's actual commitment. That includes the Government's prompt placement of Defendant on the waitlist for a facility qualified to conduct competency treatment and evaluation; the COVID-19 pandemic (and subsequent reduction in available beds at qualified facilities); and the approximately six- to nine-month waitlists for all such facilities across the United States. ECF No. 57 at 7.

More damning for Defendant's cause is the fact that the above cases all rely on the interplay between § 3161(h)(1)(F) and § 3161(h)(1)(A), which governs delay "resulting from any proceeding . . . *to determine* [competency.]" 18 U.S.C. § 3161(h)(1)(A) (emphasis added); *see Williams*, 917 F.3d at 200; *Tinklenburg*, 579 F.3d at 595; *Noone*, 913 F.3d at 25. In contrast, the delay in proceedings here occurred only after a finding of incompetence by the Court. ECF No. 30. As such, the case is properly understood as governed by § 3161(h)(4), which excludes "[a]ny period of delay resulting from the fact that defendant *is* mentally incompetent[.]" 18 U.S.C. § 3161(h)(4) (emphasis added).

The Tenth Circuit has not addressed the tension between § 3161(h)(1)(A) and § 3161(h)(4). However, the Court is highly persuaded by the Ninth Circuit's discussion of § 3161(h)(4) in *United States v. Romero*. 833 F.3d 1151, 1154 (9th Cir. 2016). Highlighting the supremacy of § 3161(h)(4)'s exclusionary provision, the *Romero* panel emphasized the "absolute" nature of the provision's exclusion of *all* delay resulting from incompetence, finding that "[t]he plain meaning of the statute supports this conclusion." *Id.* at 1154. Indeed, "given that a defendant's incompetence makes a trial impossible in every instance, § 3161(h)(4) applies upon a finding of

incompetence as a matter of definition and irrespective of how a court may view it in a particular case." *Id.* at 1155.

The delay between the Court's Order committing Defendant and Defendant's actual commitment falls under the period excluded by § 3161(h)(4) because it was a direct result of Defendant's actual incompetence. As § 3161(h)(4) excludes all periods of delay resulting from a Defendant's incompetence, the period between the Court's finding Defendant incompetent and the Court finding Defendant competent is excluded for speedy trial calculation purposes.

In sum, only seven (7) days elapsed between the period of Defendant's entry into federal custody on February 10, 2022, and Government's unopposed Motion for a psychiatric exam on February 17, 2022. The period between that Motion and the Court's Order finding Defendant incompetent and committing him to the custody of the Attorney General is excluded from the speedy trial analysis under § 3161(h)(1)(A). The subsequent period—between the Court's finding Defendant incompetent on May 6, 2022, and the Court's finding defendant competent on June 22, 2023—is time excluded pursuant to § 3161(h)(4). As Defendant was indicted on June 21, 2023, the Government is correct in noting that only seven (7) days of non-excluded time elapsed between Defendant's arrest and his indictment. Defendant is thus not entitled to relief under the Speedy Trial Act, and his Motion to Dismiss must be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Speedy Trial Violation, ECF No. 81, is hereby **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE