IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.                                                                                              No. 2:23-cr-00915-MIS-1

JESUS CORONADO,

Defendant.

## OMNIBUS ORDER DENYING DEFENDANT'S MOTIONS

Before the Court are two Motions from Defendant Jesus Coronado (proceeding *pro se*): a Motion to Dismiss for Due Process Abuse of Discretion and Sixth Amendment Violations, ECF No. 132, and a Motion for Reconsideration Speedy Trial Violation Sixth Amendment Violation, ECF No. 143. The Government filed Responses to both Motions, respectively, ECF Nos. 149, 145. After considering the parties' submissions and the relevant law, the Court will **DENY** Defendant's Motions.

### I.   ANALYSIS

**1. Defendant's Motion to Dismiss, ECF No. 132**

On November 17, 2023, Defendant filed a Motion to File Motion to Dismiss for Due Process and Sixth Amendment Violations After Motions Deadline. ECF No. 117. The Court denied that request, holding as follows:

> The original motions deadline in this case was July 28, 2023. *See* ECF No. 76. After receiving an extension, Defendant filed his first Motion to Dismiss, ECF No. 81, on July 30, 2023. That Motion specifically challenges the timeline of Defendant's competency proceedings. *See id*. Almost four months later, Defendant now seeks to file another Motion to Dismiss, challenging those proceedings under a different legal theory. *See* ECF No. 117-1. The Court notes that Defendant's new Motion to Dismiss is predicated entirely on a challenge to the constitutionality of an Order issued in May of 2022, to which Defendant's counsel has had access since his appointment in December of 2022. ECF No. 61.

> Defendant's counsel highlights only "numerous goings on" to explain his failure to meet timely filing deadlines. ECF No. 117 at 2. Given that all of Defendant's claims could have been included in his first Motion to Dismiss, ECF No. 81, the Court finds these insufficient grounds for granting Defendant leave to file his untimely Motion. Defendant's Motion to File Motion to Dismiss for Due Process and Sixth Amendment Violations After Motions Deadline, ECF No. 117, is hereby DENIED.

ECF No. 123.

The Court acknowledges that while that previous Motion was filed by Defendant's previous counsel, Defendant now proceeds *pro se*. *See* ECF No. 125. However, that has been the case since a hearing conducted on December 14, 2023. *See id*. Defendant did not file the instant Motion to Dismiss until January 17, 2024—more than a month after having been authorized to proceed *pro se*, and without filing for leave to file the instant Motion. What's more, Defendant's Motion to Dismiss contains much of the same reasoning as articulated in the original motion attached to his November 17 Motion for Leave to File a Motion to Dismiss—going so far as to include that Motion as an attached exhibit. *See* ECF No. 132-1.

The Tenth Circuit "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Given Defendant's failure to do so, the Court thus elects to deny Defendant's Motion to Dismiss for Due Process Abuse of Discretion and Sixth Amendment Violations, ECF No. 132, as untimely.

### 2. Defendant's Motion for Reconsideration, ECF No. 143

On July 30, 2023, Defendant filed a Motion to Dismiss for Speedy Trial Violation. ECF No. 81. That Motion was denied in an Order issued on December 1, 2024. ECF No. 121. On January 24, 2024, Defendant filed the instant Motion to Reconsider. ECF No. 143. Defendant's Motion fails to satisfy the criteria for this Court to grant a motion to reconsider.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). The rules governing motions to reconsider in the criminal context are appropriately analogized to the rules governing such motions in the civil caselaw. *See United States v. Lewis*, 432 F. Supp. 3d 1237, 1269 (D.N.M. 2020) ("While the civil rules are not expressly applicable to criminal cases, the courts have used the principles somewhat interchangeably."); *see also Christy*, 739 F.3d at 538-40 (approving such principle through the explicit application of civil jurisprudence to motions to reconsider in the criminal context).

District courts may grant motions to reconsider only "when the court has misapprehended the facts, a party's position, or the law." *Id.* at 539. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As the Tenth Circuit has held, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

None of the requisite circumstances for granting relief are present here. Defendant's Motion to Reconsider merely introduces the procedural claim echoed in his latest motion to dismiss and rehashes the argument regarding the provisions of 18 U.S.C. § 3161 that this Court addressed—and rejected—in its Order denying his previous motion to dismiss. Defendant highlights no change in the controlling law, no new evidence previously unavailable, and no need to either correct clear error or prevent manifest injustice. As such, this Court finds no grounds to grant it.

## II.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Due Process Abuse of Discretion and Sixth Amendment Violations, ECF No. 132, and Defendant's Motion for Reconsideration Speedy Trial Violation Sixth Amendment Violation, ECF No. 143, are hereby **DENIED**.

_Margaret Strickland_
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE